Argued and submitted January 22, reversed and remanded October 31, 2001

## SPRINT SPECTRUM, L.P.,
and Wirelessco, L.P.,
*Respondents,*

*v.*

## CITY OF EUGENE, OREGON,
an Oregon municipal corporation,
*Appellant.*

16-97-10825; A106774

35 P3d 327

William F. Gary argued the cause for appellant. With him on the briefs were Linda J. Kessel and Harrang Long Gary Rudnick P.C.

Charles F. Adams argued the cause for respondents. On the brief were Richard S. Gleason, Scott J. Kaplan, Darian A. Stanford, and Stoel Rives LLP.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiffs Sprint Spectrum, L.P. (Sprint), and Wirelessco, L.P. (Wirelessco), initiated this action for declaratory and injunctive relief challenging the validity of a City of Eugene (city) ordinance regulating the provision of telecommunications services. Sprint and Wirelessco contended that the ordinance was preempted by both state and federal law. The parties filed motions for summary judgment. The trial court granted the motions of Sprint and Wirelessco, denied the city's motion, and entered judgment accordingly. The city appeals, contending that its ordinance is preempted by none of the state or federal laws on which Sprint and Wirelessco rely. We agree and reverse and remand.

The facts pertaining to the adoption of the city's telecommunications ordinance are not in dispute and are set forth in our opinion in *AT&T Communications v. City of Eugene*, 177 Or App 379, 35 P3d 1029 (2001). Suffice it to say for the purposes of this opinion that the city adopted a telecommunications ordinance that, among other things, requires all who propose to provide telecommunications services—including cellular telecommunications services—through a communications facility located in the city to complete a registration form and pay a registration fee. Eugene Code (EC) § 3.405(1). The fee includes a one-time charge to cover the costs of registration and an annual registration fee equal to two percent of "gross revenues derived from [the provider's] telecommunications activities within the city." EC § 3.415(1). The ordinance also requires all providers who make use of city rights-of-way to pay a right-of-way license fee. EC § 3.415(2).

Sprint and Wirelessco provide wireless telecommunications services using facilities located within the city. They do not use any city rights-of-way, however. They are subject to the registration and registration fee requirements but are not subject to the right-of-way license requirement.

Sprint and Wirelessco challenged the validity of the city's telecommunications ordinance, arguing that it is preempted by state and federal law. Specifically, they contend

that the registration and registration fee requirements are preempted by:

(1) ORS 307.215, which prohibits the imposition of a tax "on amounts paid for exchange access or other telephone services";

(2) ORS chapter 759, which regulates telecommunications generally and, according to Sprint and Wirelessco, leaves little authority to local governments;

(3) Article IV, section 1(5), of the Oregon Constitution, which limits the authority of municipal governments to the regulation of municipal concern;

(4) *Former* Article XI, section 11(g), of the Oregon Constitution, which, although repealed in 1997, Sprint and Wirelessco contend invalidated the ordinance *ab initio* because the ordinance unlawfully permits product or service taxation to fund services that previously were funded by *ad valorem* property taxation;

(5) 47 USC § 332 (1991 & Supp 2001), which preempts state and local government regulation of "the entry of or the rates charged by" commercial mobile radio service providers; and

(6) 47 USC § 253(a) (Supp 2001), which prohibits state or local regulations that may prohibit or have the effect of prohibiting the ability of any entity to provide telecommunications services.

The trial court entered summary judgment in favor of Sprint and Wirelessco without specifying which of the foregoing laws the ordinance violated. On appeal, therefore, the city addresses each of those laws, arguing that none preempts its telecommunications ordinance.

In *AT&T Communications*, we addressed nearly identical arguments concerning the authority of the city to impose a registration and registration fee requirement on providers of cellular telecommunications services. We concluded that the registration and registration fee requirements of the ordinance are not preempted by ORS 307.215; ORS chapter 759; Article XI, section 11(g); 47 USC § 332 (1991 & Supp 2001); or 47 USC § 253(a) (Supp 2001). 177 Or

App at 385-415. In this case, Sprint and Wirelessco raise only one contention that is not disposed of by our opinion in *AT&T Communications*, namely, that the regulation of cellular telecommunications services providers is impermissible under the authority conferred by Article IV, section 1(5), of the Oregon Constitution.

Article IV, section 1(5), provides, in part:

> "The initiative and referendum powers reserved to the people * * * are further reserved to the qualified voters of each municipality and district as to all local, special and municipal legislation of every character in or for their municipality or district."

Sprint and Wirelessco contend that the regulation of interstate and international telecommunications by a local government simply does not amount to "local, special and municipal legislation of every character." According to the companies, the constitution limits the authority of local governments to the regulation of businesses physically located in the local governments' geographic areas of municipal authority. In this case, they argue, the city effectively "taxes telephone calls made to locations outside the City limits," which they contend exceeds the authority reserved under the state constitution.

The city contends that it does not tax transactions of any sort, much less transactions that occur outside of its territorial boundaries. Instead, it argues, its telecommunications ordinance imposes a business license tax on entities that conduct business within its geographic territory. Such taxes, the city argues, are routinely upheld as appropriate exercises of municipal authority. We agree with the city.

As we noted in *AT&T Communications*, 177 Or App at 388-89, Article IV, section 1(5), along with Article XI, section 2, recognize the authority of "home rule" municipalities and permits their citizens to determine the organization of their local governments and the scope of the powers of those local governments without the need to obtain statutory authority from the state legislature. *LaGrande/Astoria v. PERB*, 281 Or 137, 142, 576 P2d 1204, *aff'd on rehearing* 284 Or 173, 586 P2d 765 (1978). That home rule authority has

been interpreted to include the taxation of businesses that conduct business within the geographic boundaries of the taxing municipality.

In *Jarvill v. City of Eugene*, 289 Or 157, 613 P2d 1 (1980), for example, the Supreme Court upheld the authority of the City of Eugene to impose a tax on gross sales and receipts derived from business activity in the city, holding that "[a] municipal corporation may assume powers to impose taxes and to select the kinds of taxes most appropriate in order to provide governmental services." *Id.* at 169.

Similarly, in *Multnomah Kennel Club v. Dept. of Rev.*, 295 Or 279, 666 P2d 1327 (1983), the court upheld a Multnomah County net income tax on pari-mutuel racing establishments. The plaintiff kennel club had argued that the tax was not a matter of local concern. The court rejected the argument, observing that local government income taxes have been widely used since at least the 1930s. *Id.* at 285.

Even more to the point, in *City of Idanha v. Consumers Power*, 8 Or App 551, 495 P2d 294 (1972), this court upheld a city ordinance requiring all public utilities selling electricity within the city to obtain a license and pay a license fee equal to three percent of revenues generated within the city. *Id.* at 561.

Sprint and Wirelessco attempt to distinguish the foregoing authorities by characterizing the registration fee as a tax on specific transactions that may involve customers beyond the city's jurisdiction. Whether a tax on such transactions would pass constitutional muster is, perhaps, an interesting question. But it is not presented in this case. The ordinance does not tax individual transactions. It is based instead on the provider's "*gross revenues derived from its telecommunication activities within the city.*" EC 3.415(1) (emphasis added). It is thus materially indistinguishable from the types of taxation that have been upheld as

legitimate exercises of municipal government authority under Article XI, section 2, and Article IV, section 1(5), of the Oregon Constitution.

Reversed and remanded for entry of judgment in favor of City of Eugene.